**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2023 MSPB 7**

Docket No. PH-0752-16-0349-I-1

**Cory Reginald Owens,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

February 22, 2023

Cory Reginald Owens, Baltimore, Maryland, pro se.

Lorna J. Jerome, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Leavitt issues a separate dissenting opinion.

**OPINION AND ORDER**

¶1    This case is before the Board on the agency's petition for review of the initial decision that reversed the appellant's removal for inability to perform the duties of his position for medical reasons. For the reasons set forth below, we DENY the petition for review and affirm the initial decision. The appellant's removal is NOT SUSTAINED.

BACKGROUND

¶2    The appellant was a WG-10 Electrician with the U.S. Coast Guard Yard in Glen Burnie, Maryland. *Owens v. Department of Homeland Security,*

MSPB Docket No. PH-0752-16-0349-I-1, Initial Appeal File (IAF), Tab 1 at 1. He sustained a work-related injury to his right ankle on March 9, 2015, and the Department of Labor's Office of Workers' Compensation Programs (OWCP) approved his claim for compensation benefits. IAF, Tab 7 at 68-69, 79-80. As a result of the injury, the appellant did not return to work. *Id.* at 59.

¶3    On March 21, 2016, the agency issued a notice proposing to remove the appellant for inability to perform the duties of his position for medical reasons and excessive absence with no foreseeable end in sight. *Id.* at 57-60. After the appellant provided written and oral responses to the proposed removal, *id.* at 43-44, 52, the agency issued a decision letter removing the appellant effective April 23, 2016, *id.* at 28, 45-48.

¶4    The appellant filed a Board appeal challenging his removal and he requested a hearing. IAF, Tab 1 at 2. During a July 21, 2016 status conference, the appellant clarified that his appeal also included a claim alleging that the agency failed to return him to duty after he either fully or partially recovered from a compensable work-related injury. IAF, Tab 14 at 2.

¶5    A hearing was held on December 19, 2016, and the record closed at the end of the hearing. IAF, Tab 26 at 3. Later that day, the appellant notified the administrative judge via facsimile that when he returned home after the hearing, he received in the mail a notice from OWCP dated December 14, 2016, stating that it had terminated his wage loss compensation effective December 11, 2016, based on its determination that he had fully recovered from his work-related injury. IAF, Tab 25. The appellant asked the administrative judge to consider the notice as evidence in his appeal. *Id.*

¶6    The administrative judge granted the appellant's request and reopened the record to accept the OWCP notice into evidence. IAF, Tab 26 at 3-4. The administrative judge also allowed the agency an opportunity to respond to the new submission. *Id.* at 4.

¶7　　Following the agency's response, IAF, Tab 27, the administrative judge issued an initial decision that reversed the appellant's removal and ordered the agency to reinstate the appellant to the Electrician position, finding that the record shows the appellant fully recovered from his injury while his removal appeal was pending before the administrative judge. IAF, Tab 28, Initial Decision (ID) at 2, 10. Accordingly, he ordered the agency to cancel the removal and to retroactively restore the appellant effective April 23, 2016. ID at 11. He also ordered the agency to provide interim relief if a petition for review were filed by either party. ID at 12. Based on his decision to reverse the appellant's removal, the administrative judge did not address his restoration claim. ID at 10 n.3.

¶8　　The agency has filed a petition for review. Petition for Review (PFR) File, Tab 1. Instead of filing a response to the agency's petition for review with the full Board, the appellant filed a "Motion of Enforcement" of the interim relief order with the Board's Northeastern Regional Office, which docketed the filing as a petition for enforcement in *Owens v. Department of Homeland Security*, MSPB Docket No. PH-0752-16-0349-C-1. PFR File, Tab 5 at 1-6. The agency filed a response to the petition for enforcement. *Id.* at 7-23. The administrative judge then issued a compliance initial decision that dismissed the petition for enforcement and forwarded it to the Office of the Clerk of the Board for consideration with the agency's petition for review. *Id.* at 24-32.

## ANALYSIS

### Interim Relief

¶9　　The Board's regulations do not provide for petitions for enforcement of interim relief orders; such petitions only apply to final Board decisions. 5 C.F.R. § 1201.182(a). Board regulations do, however, allow an appellant to challenge an agency's certification that it has provided interim relief. 5 C.F.R. § 1201.116(b). We therefore deny the appellant's petition for enforcement and

instead consider that pleading as a challenge to the agency's certification of compliance. *See Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 8 (2015).

¶10    Ordinarily, when an appellant challenges the agency's certification of compliance with an interim relief order, the Board will issue an order affording the agency the opportunity to submit evidence of compliance. *Id.*; *see* 5 C.F.R. § 1201.116(b). If the agency fails to provide evidence of compliance in response to such an order, the Board may, at its discretion, dismiss the agency's petition for review. *Ayers*, 123 M.S.P.R. 11, ¶ 8; *see* 5 C.F.R. § 1201.116(e). In this case, however, we find that the agency's petition does not meet the criteria for review in any event, and the issuance of our final decision renders moot any dispute concerning the agency's compliance with the interim relief order. *Ayers*, 123 M.S.P.R. 11, ¶ 8 (reaching the same conclusion when the Board affirmed the administrative judge's reversal of the appellant's removal based on whistleblower reprisal). Under these circumstances, it is unnecessary to issue an order under 5 C.F.R. § 1201.116(b). If the appellant believes that the agency is in noncompliance with the Board's final order, though, he may file a petition for enforcement in accordance with the instructions provided below. *Ayers*, 123 M.S.P.R. 11, ¶ 8.

The Board need not consider the agency's timeliness argument.

¶11    For the first time on review, the agency argues that the appeal was untimely because the appellant was removed effective April 23, 2016, but did not file his appeal with the Board until June 9, 2016. PFR File, Tab 1 at 4. Therefore, the agency contends, the appellant failed to file his appeal within 30 days of the date of his removal, as required by 5 C.F.R. § 1201.22(b). *Id.*

¶12    The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The agency has made no such showing.

<u>The administrative judge correctly reversed the removal.</u>

¶13         As for the merits of the appeal, the agency does not challenge, and we discern no reason to disturb, the administrative judge's finding that the appellant fully recovered from his work-related injury while his removal appeal was pending before the administrative judge.  PFR File, Tab 1 at 7; ID at 10. Instead, the agency argues that the administrative judge erred in finding that the appellant is entitled to restoration to his previous position as a result of his recovery.  PFR File, Tab 1 at 7.

¶14         In support of this argument, the agency relies on the Office of Personnel Management regulations governing the restoration rights of employees who recover from a compensable injury, which are found at 5 C.F.R. part 353, subpart C.  *Id.* at 5-7.  Under 5 C.F.R. § 353.301(a), an employee who fully recovers from a work-related injury within 1 year from the date eligibility for compensation began is entitled to restoration to his former position or an equivalent one.  By contrast, an employee who separated due to a compensable injury and whose full recovery takes longer than 1 year from the date compensation eligibility began (or from the time compensable disability recurs if the recurrence begins after the injured employee resumes regular full-time Government employment), is entitled to agency-wide priority consideration for his former position or an equivalent one if he applies for reappointment within 30 days after the cessation of compensation.  5 C.F.R. § 353.301(b).  The agency argues that, because the appellant did not fully recover from his work-related injury within 1 year from the date he became eligible for compensation, he is entitled to priority consideration only, not restoration to the position from which he was removed for medical inability to perform.  PFR File, Tab 1 at 7. Therefore, the agency asserts, the initial decision should be reversed inasmuch as it orders the agency to restore the appellant to his former position effective April 23, 2016.  *Id.*

¶15     This argument addresses restoration rights, but not the propriety of the appellant's removal. Therefore, it is unavailing. It is well settled that the "efficiency of the service" standard of 5 U.S.C. § 7513(a) is the "ultimate criterion" for determining both whether any discipline is warranted and whether a particular penalty may be sustained. *Wren v. Department of the Army*, 121 M.S.P.R. 28, ¶ 7 (2014); *Morgan v. U.S. Postal Service*, 48 M.S.P.R. 607, 611 (1991). The Board has held that when an appellant presents unambiguous evidence of complete recovery from the medical condition that resulted in his removal before the administrative judge has issued an initial decision in his removal appeal, the removal action does not promote the efficiency of the service. *See Casillas v. Department of the Air Force*, 64 M.S.P.R. 627, 634 (1994); *Morgan*, 48 M.S.P.R. at 613 ("Thus, when it is apparent that the appellant's inability to perform is temporary in nature and, in fact, that the appellant has recovered even before the Board can render an initial decision in an appeal, the Board correctly and properly refuses to hold that the agency's removal action is for the efficiency of the service."). The Board has consistently followed this rule since it was first established in *Street v. Department of the Army*, 23 M.S.P.R. 335, 340-43 (1984), nearly 40 years ago. As noted above, it is undisputed that the appellant fully recovered from his work-related injury before the administrative judge issued his initial decision in this appeal. Given these circumstances, we find that the administrative judge correctly reversed the appellant's removal. ID at 10.

## ORDER

¶16     We ORDER the agency to cancel the removal action and restore the appellant to his position effective April 23, 2016. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶17        We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶18        We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶19        No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶20        For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE TO THE APPELLANT
## REGARDING YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[1]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[1] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[2]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[2] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:


/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel                Operations                at                504-255-4630.

¶1    For the reasons set forth below, I respectfully dissent from the majority opinion in this case.

¶2    The appellant sustained a work-related injury to his right ankle on March 9, 2015. Initial Appeal File (IAF), Tab 7 at 68-69, 79-80. For approximately 1 year following his injury, the appellant submitted to the agency numerous medical notes prescribing varying work restrictions that were incompatible with the essential functions of his Electrician position. IAF, Tab 7 at 74-77, 81-92, Tab 8 at 5-7, 9-13, Tab 24, Hearing Compact Disc (HCD) (testimony of proposing and deciding officials). His medical documentation repeatedly proffered expected return to work dates, which did not come to fruition, as the appellant did not recover sufficiently to meet the requirements of his position. IAF, Tab 7 at 53, 63, 73, 81-92.

¶3    The appellant's absence during this lengthy period was understandably burdensome to the agency. The appellant's first-level supervisor testified the appellant's continued absence was unsustainable because, based on the electrical shop's workload, the agency needed to fill the appellant's position in order for the shop to meet its production goals. HCD (testimony of proposing official). The appellant's second-level supervisor similarly testified there was a "vast amount of work" to be done in the shop. HCD (testimony of deciding official). The appellant's absence impaired his ability to manage the shop's workload. *Id.* It placed a burden on other employees, who had to work Saturdays or evening hours. *Id.* Notably, his shop had one of the highest rates of overtime usage. *Id.* The second-level supervisor was also concerned that he would lose the

appellant's full-time equivalent position to another shop if he did not fill it, since the appellant had been absent for so long, which would further hamper his ability to address the workload. *Id.*

¶4 After holding the appellant's job for over a year, the agency removed him for medical inability to perform effective April 23, 2016, noting that he had never returned to work following his March 2015 injury. IAF, Tab 7 at 28, 45-48. The appellant filed a Board appeal on June 8, 2016. IAF, Tab 1. At the hearing, which was held on December 19, 2016, the appellant claimed he had fully recovered from his prior injury, but then conceded he was still receiving wage loss benefits from the Office of Workers' Compensation Programs (OWCP) and OWCP had not cleared him to return to duty. HCD (testimony of the appellant). The record closed at the conclusion of the hearing. HCD.

¶5 After the record closed, the appellant submitted evidence showing OWCP terminated his wage loss benefits effective December 11, 2016, based on its conclusion that he was "no longer disabled from work as a result of the 03/09/2015 work injury." IAF, Tab 25 at 3-6. The administrative judge accepted this evidence and determined it demonstrated the appellant had fully recovered. IAF, Tab 29, Initial Decision (ID) at 5, 8-10. He concluded this evidence of post-removal recovery "required" reversal of the agency's removal action. ID at 8-10. The majority agrees.

¶6 I agree with the majority that the "efficiency of the service" standard of 5 U.S.C. § 7513(a) is the "ultimate criterion" for determining both whether any discipline is warranted and whether a particular penalty may be sustained. *Wren v. Department of the Army*, 121 M.S.P.R. 28, ¶ 7 (2014); *Morgan v. U.S. Postal Service*, 48 M.S.P.R. 607, 611 (1991). It is also true that there is a line of Board case law which stands for the proposition that, even when an agency proves by preponderant evidence that the appellant was physically unable to perform the duties of his position at the time he was removed, the removal action "may" be rescinded on the basis that such action would not promote the

efficiency of the service, as required by 5 U.S.C. § 7513(a), where the evidence clearly and unambiguously demonstrates that the appellant has recovered during the pendency of a Board appeal such that he is able to perform the essential duties of his position. *Wren*, 121 M.S.P.R. 28, ¶ 6. I do not agree, however, that this line of cases establishes a "rule" mandating reversal whenever an appellant presents unambiguous evidence of complete recovery before the administrative judge has issued an initial decision in his removal appeal.[*] Rather, as the Board has previously explained, the outcomes in these cases "are limited to the unique circumstances" they each present. *Morgan*, 48 M.S.P.R. at 612; *see also Street v. Department of the Army*, 23 M.S.P.R. 335, 343 (1984).

¶7        This line of cases is premised, in part, on a recognition that inherent in an action effecting a removal for physical inability to perform is that such inability will be permanent or at least long-enduring rather than temporary. *Wren*, 121 M.S.P.R. 28, ¶ 7 (*citing Morgan*, 48 M.S.P.R. at 610-13; *Street*, 23 M.S.P.R. at 340-43). Removal for medical inability to perform is warranted when there is no foreseeable end to an employee's unavailability. *See, e.g.*, *Edwards v. Department of Transportation*, 109 M.S.P.R. 579, ¶ 17 (2008). Accordingly, where there is clear, unambiguous evidence of post-removal recovery, the Board examines the unique circumstances of each case in assessing whether reversal is required to "avoid the manifest absurdity of upholding a removal for physical incapacitation when intervening events show that the appellant is no longer incapacitated." *Wren*, 121 M.S.P.R. 28, ¶ 7 (*citing Morgan*, 48 M.S.P.R. at 610-13).

---

[*] To the extent that *Brown v. Department of the Interior*, 121 M.S.P.R. 205 (2014), *overruled on other grounds by Haas v. Department of Homeland Security*, 2022 MSPB 36, and *Edwards v. Department of Transportation*, 109 M.S.P.R. 579 (2008), suggest otherwise, I would overrule them.

¶8      For instance, in *Edwards*, the agency removed the appellant for medical inability to perform despite receiving a letter from the appellant's physician before her removal indicating she was expected to return to full duty in less than 3 months.  [109 M.S.P.R. 579](#), ¶¶ 10, 16.  The Board concluded this letter demonstrated the appellant's unavailability could not "accurately be described as having no foreseeable end at the time of the removal."  *Id.*, ¶ 17.  The Board also considered a letter the appellant submitted during the course of her appeal, wherein her physician confirmed that she had fully recovered as expected.  *Id.*, ¶ 21.  Based on this medical evidence, the Board determined the appellant's removal did not promote the efficiency of the service.  *Id.*, ¶ 22.

¶9      In *Morgan*, the Board found removal did not promote the efficiency of the service where evidence submitted during the processing of the appeal showed the appellant had fully recovered and the agency had reinstated her within 3 months of her removal.  48 M.S.P.R. at 613; *see also Morgan v. U.S. Postal Service*, [38 M.S.P.R. 676](#), 680 (1988).  In *Street*, where the appellant was physically unable to perform the duties of his position at the time he was separated, the Board found removal did not promote the efficiency of the service because the appellant fully recovered within a month of his removal and continued to have no physical limitations approximately 2 months after his removal.  23 M.S.P.R. at 343, 339-40.

¶10      In assessing, based on the unique circumstances of each case, whether removal promotes the efficiency of the service, *see Wren*, [121 M.S.P.R 28](#), ¶ 7 (*citing Morgan*, 48 M.S.P.R. at 610-13; *Street*, 23 M.S.P.R. at 340-43), the Board also considers the burden that waiting for the appellant to recover would have imposed on the agency.  For instance, in *Edwards*, where removal was reversed, the Board noted there was no indication that the agency had such an urgent need to replace the appellant that it could not wait the less than 3 months for her to recover; there were other vacancies of the same position the appellant held at the time she was removed, and such vacancies were common.  *Edwards*,

109 M.S.P.R. 579, ¶ 17. By contrast, in *Johnson v. U.S. Postal Service*, 120 M.S.P.R. 87, ¶ 6 (2013), where removal was upheld, the evidence showed the appellant's absence was a burden on the agency because it could not fill her position while she was on the rolls and it was not feasible to place someone in her position on an interim basis. Further, the agency filled the position after Johnson was removed, which the Board found lent further support to the agency's assertion that her absence was a burden. *Id*.

¶11      While cases like *Wren*, 121 M.S.P.R. 28, and *Brown v. Department of the Interior*, 121 M.S.P.R. 205 (2014), *overruled on other grounds by Haas v. Department of Homeland Security*, 2022 MSPB 36, reference information submitted during "the pendency of a Board appeal," I believe the relevant time period with respect to the efficiency of the service is from the effective date of the appellant's removal until the date he recovered. *See Wren*, 121 M.S.P.R. 28, ¶ 6 (recognizing that the appellant in *Street* recovered "within 2 months of his removal" and the appellant in *Morgan* "recovered within 3 months of the effective date of his removal"); *see also Edwards*, 109 M.S.P.R. 579, ¶ 21 (the appellant presented evidence to the agency that she was "expected to recover . . . just over 2-1/2 months after the scheduled effective date of her removal" and also submitted post-removal evidence to the Board that she had recovered within that timeframe). This interpretation is in accordance with the requirement to assess whether the medical incapacity at issue is permanent or at least long-enduring rather than temporary, and to avoid a manifestly absurd and inefficient result. *See Wren*, 121 M.S.P.R. 28, ¶ 7 (*citing Morgan*, 48 M.S.P.R. at 610-13; *Street*, 23 M.S.P.R. at 340-43).

¶12      Here, the appellant did not recover until nearly 8 months after his removal became effective. This was also, notably, 1 year and 9 months after his extended absence began. In my view, requiring the agency to bear the brunt of this substantial absence is unreasonable and contrary to efficient business operations. As noted above, the agency provided a clear, reasonable explanation as to why it

could no longer support the appellant's absence from duty, which had already continued for more than a year at the time of his removal. *See Johnson*, [120 M.S.P.R. 87](), ¶ 6. Based on the foregoing, I would find the appellant's removal promoted the efficiency of the service, notwithstanding his submission of evidence regarding his apparent recovery after the record closed below, and affirm the agency's removal action.


/s/

_____

Tristan L. Leavitt
Member