## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GINA SHORT,
                Appellant,

       v.

DEPARTMENT OF HOMELAND
    SECURITY,
                Agency.

DOCKET NUMBER
DC-0752-22-0467-I-2

DATE:  March 20, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Laura L. Nagel, Esquire, Katherine Lease, Esquire, and Kathryn Kelly, Esquire, Washington, D.C., for the appellant.

Colleen A. Crane, Esquire, Camp Springs, Maryland, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal from Federal service.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision in the following ways: (1) we AFFIRM the administrative judge's finding that the agency proved its excessive absence charge with respect to 613 hours and REVERSE his finding as to the remaining 337 hours; (2) we AFFIRM the administrative judge's finding that the agency proved 4 specifications of its absent without leave (AWOL) charge and REVERSE his finding that the agency proved the remaining 2 specifications; and (3) we FIND that the appellant proved that she has a disability but did not prove that she is a qualified individual with a disability, still DENYING her affirmative defense of disability discrimination. We AFFIRM the initial decision, still SUSTAINING the appellant's removal.

On review, the appellant asserts that the administrative judge erred in sustaining the excessive absence and absent without leave (AWOL) charges. *Short v. Department of Homeland Security*, MSPB Docket No. DC-0752-22-0467-I-2, Petition for Review (PFR) File, Tab 1 at 20-28. She also challenges the denial of her affirmative defense of disability discrimination based on the administrative judge's finding that she did not prove that she was disabled within the meaning of the Rehabilitation Act. *Id.* at 16-20. Finally, she asserts that she has evidence demonstrating that she can now perform the essential functions of

her position and that her removal does not promote the efficiency of the service. *Id.* at 15, 24.

<u>The agency proved its excessive absence charge.</u>

In support of its excessive absence charge, the agency noted that, between October 2020 and November 2021, the appellant was absent for more than 950 hours on annual leave, sick leave, and leave without pay that was not protected under the Family and Medical Leave Act. *Short v. Department of Homeland Security*, MSPB Docket No. DC-0752-22-0467-I-1, Initial Appeal File (IAF), Tab 1 at 6-7. Generally, an agency may not take an adverse action based on an employee's use of approved leave. *Williams v. Department of Commerce*, 2024 MSPB 8, ¶ 5. However, an exception exists when an agency can prove the following elements: (1) the employee was absent for compelling reasons beyond her control so that the agency's approval or disapproval was immaterial because the employee could not be on the job; (2) the absence continued beyond a reasonable time and the agency warned the employee that an adverse action could be taken unless the employee became available for duty on a regular, full-time or part-time basis; and (3) the position needed to be filled by an employee available on a regular, full-time or part-time basis. *Id.* The administrative judge found that the agency proved each element of its excessive absence charge, including that the appellant was absent for more than 950 hours between October 2020 and November 2021. *Short v. Department of Homeland Security*, MSPB Docket No. DC-0752-22-0467-I-2, Refiled Appeal File (RAF), Tab 15, Initial Decision (ID) at 3-8.

The first element is not disputed on review. Regarding the second element, the Board held in *Williams*, 2024 MSPB 8, ¶ 6, that, to prove an excessive absence charge, an agency may not rely on absences that predate its warning to the appellant that her continued absence could lead to adverse action. In this case, the agency did not issue such a warning until August 4, 2021. IAF, Tab 11 at 34-35. Thus, only absences after August 4, 2021, can be relied upon in support

of the removal action. The record reflects that, between August 5 and November 19, 2021, the appellant was absent from duty for approximately 613 hours. *Id.* at 73-80. During this time, she did not report to work at all. *Id.* We find that 613 hours of absence is sufficient to find that the appellant's absence continued beyond a reasonable time. *See Gartner v. Department of the Army*, 104 M.S.P.R. 463, ¶ 10 (2007) (sustaining an excessive absence charge based on 333.5 hours of absence during a 6-month period). As to the third element, the appellant asserts on review that the agency did not prove that her position needed to be filled by an employee on a regular, full-time or part-time basis. PFR File, Tab 1 at 27. She points to her deposition testimony, in which she asserts that there is no longer a program manager in the office that she worked in. RAF, Tab 13 at 83. However, we agree with the administrative judge, for the reasons set forth in the initial decision, that the agency proved this element, particularly because it provided evidence demonstrating that it reassigned the appellant's workload to other employees, including a project that was a priority for her office. ID at 7-8. We therefore find that the agency has proved its excessive absence charge.

The agency proved four specifications of its AWOL charge.

The appellant also asserts on review that the agency cannot prove its AWOL charge because, between December 2019 and the time of her removal in May 2022, her medical conditions rendered her incapable of complying with the agency's leave procedures, thereby causing her to be AWOL.[2] PFR File, Tab 1 at 20-25. With the exception of May 26 and 27, 2021, for which we find the appellant provided the agency with acceptable evidence establishing her incapacity, IAF, Tab 9 at 49 (recommending a leave of absence from April 22

_____

[2] In the initial decision, the administrative judge merged the charges of AWOL and failure to follow leave procedures. ID at 8-9. The agency has not filed a petition for review or cross petition for review on this issue, and we therefore decline to disturb the administrative judge's finding.

through June 3, 2021), the appellant has not pointed to any record evidence establishing her incapacity on the other dates that the agency charged her with AWOL, such that she was rendered incapable of complying with the agency's leave procedures, *see Atchley v. Department of the Army*, 46 M.S.P.R. 297, 301 (1990) (holding that an AWOL charge may not be sustained if the appellant provides administratively acceptable evidence of incapacity prior to the agency's decision to remove him). Although we do not question the appellant's assertions that her disabilities caused her distress in communicating with agency officials, she was able to comply with the agency's leave procedures on all but 4 days during a more than 1-year period.[3] Accordingly, we find no error in the administrative judge's conclusion that the agency proved its AWOL charge with respect to 4 of the 6 specifications. ID at 8.

The appellant did not prove her affirmative defense of disability discrimination.

On review, the appellant challenges the administrative judge's findings with respect to her disability discrimination affirmative defense. PFR File, Tab 1 at 16-20. It is illegal for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a);[4] *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. An employer is required to provide reasonable accommodation to an otherwise qualified individual with a disability. 42 U.S.C. § 12112(b)(5)(A); *Haas*, 2022 MSPB 36, ¶ 28. Thus, both a claim of disability discrimination based on an individual's status as disabled and a claim based on an agency's failure to reasonably accommodate that disability require that the individual be disabled and that she be qualified, meaning that she can

---

[3] In any case, as set forth below, we would sustain the agency's removal action based on the excessive absence charge, alone.

[4] The Rehabilitation Act has incorporated the standards of the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act of 2008. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 35.

perform the essential functions of the position with or without accommodation. *Haas*, 2022 MSPB 36, ¶ 28.

The administrative judge found that the appellant did not have a disability within the meaning of the Rehabilitation Act because the record failed to show that she had a mental or physical impairment that substantially limited one or more major life activity. ID at 12. He found that, although the evidence established that she was uncomfortable performing her assigned duties because of her supervisor, the evidence did not show that she was foreclosed generally from performing the work of a Program Manager. *Id.* He only considered whether the appellant was substantially limited in the major life activity of working because he found that she proffered no evidence to show that her impairments affected any other major life activities. ID at 12 & n.1. We disagree. The medical evidence the appellant submitted to the agency clearly demonstrates that her diagnoses of Major Depressive Disorder, Generalized Anxiety Disorder, and Post Traumatic Stress Disorder substantially limited her major life activities of concentration, sleep, mood regulation, and eating, among others, and she therefore meets the definition of an individual with a disability. IAF, Tab 9 at 40-44, Tab 10 at 125, 129, 170; 29 C.F.R. § 1630.2(g).

Notwithstanding, we find that the appellant has not proved that she is a qualified individual with a disability. A qualified individual with a disability is one who can perform the essential functions of the position that such individual holds or desires with or without reasonable accommodation. 42 U.S.C. § 12111(8); *see Haas*, 2022 MSPB 36, ¶ 28. Here, the appellant's physicians unequivocally stated that she could not perform the essential functions of her position without reasonable accommodation. IAF, Tab 10 at 110-11, 120, 125, 129, 170. Thus, we consider whether she was able to perform the essential functions of her position with reasonable accommodations. Prior to her removal, the appellant requested reasonable accommodations of extended leave, remote work, and reassignment. *Id.* at 67, 125-26, 129. The appellant has not disputed

that the agency granted each of her requests for extended leave between October 2020 and November 2021. IAF, Tab 1 at 6-7. Further, she has not disputed that she was permitted to telework full-time during the relevant time period. RAF, Tab 10 at 69. The appellant, through her medical providers, repeatedly requested reassignment "to another position within the organization that is suited to her skills and knowledge," IAF, Tab 10 at 129, and to "a division that she has expertise in[,] which would allow for her to work effectively and comfortably in her realm of knowledge allowing her to reach her full potential," *id.* at 125-26. The agency interpreted her request for reassignment as one for a new supervisor and denied her request. RAF, Tab 10 at 68-71. Regardless of the appellant's reason for requesting reassignment, however, we find that she has not met her burden to identify a vacant funded position to which she could be reassigned. *See Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 29 (holding that the appellant, who did not allege that he could perform the essential functions of his position, was required to identify a vacant funded position to which he could be reassigned in order to prove that he was a qualified individual with a disability); *see also Haas*, 2022 MSPB 36, ¶ 30 (same). The appellant did not respond to the agency's request to identify a vacant funded position to which she wished to be reassigned, nor did she describe a position or office that she would like to relocate to. IAF, Tab 10 at 137-39. She also has not done so in her petition for review. We therefore find that the appellant's disability discrimination claims under both disparate treatment and reasonable accommodation theories must fail because she has not established that she is a qualified individual with a disability.

<u>The agency proved nexus and that the penalty of removal is reasonable.</u>

The appellant argues on review that the agency cannot establish nexus and that the penalty of removal is unreasonable. PFR File, Tab 1 at 24, 26-28. To the extent the appellant asserts that an April 2023 letter from her therapist constitutes evidence of her recovery, therefore establishing that her removal does not

promote the efficiency of the service, we disagree. PFR File, Tab 1 at 24; *see Owens v. Department of Homeland Security*, 2023 MSPB 7, ¶ 15 (holding that, when an appellant was removed for medical inability to perform and excessive absences and provided unambiguous evidence of complete recovery prior to the issuance of the initial decision, his removal did not promote the efficiency of the service). The letter states that, as of April 2023, the appellant "is displaying a level of functioning that would allow her to return to and perform in her previous workplace." RAF, Tab 13 at 245. However, the letter also states that, in order for the appellant to return to work, she should be permitted a 120-day transition period, weekly check-ins with management, and that she be exempt from participation in branch meetings, which was a "major stressor" during her previous tenure with the agency. *Id.* The letter also recommends that upper management and staff receive training on mental health. *Id.* The letter does not discuss the essential job functions of the program manager position, nor does it opine whether the appellant can perform the essential functions with or without accommodations. *Id.* Further, we are not persuaded that the accommodations requested in the letter, such as permission to be exempt from branch meetings, are reasonable. IAF, Tab 10 at 120 (identifying the following as major duties of the program manager position: planning, organizing, coordinating, controlling, and evaluating the activities of the organization; assuring implementation by subordinate organizations and operating units of the goals and objectives of a department-wide program; performing liaison with high-ranking officials in other Federal agencies, top-level managers in the agency, and various governing boards and committees). We therefore find that this letter does not constitute unambiguous evidence of complete recovery like the type contemplated in *Owens*. *See, e.g.*, *Casillas v. Department of the Air Force*, 64 M.S.P.R. 627, 633-34 (1994) (finding that a work capacity evaluation recommending that the appellant undergo a work tolerance screening in order to evaluate his response to an 8-hour work day did not constitute unambiguous evidence of recovery because it did not

clearly and unambiguously state that the appellant could return to duty and perform his essential functions).

We have also considered an August 2022 letter from the appellant's therapist, which is entitled "Return to work Accommodations." RAF, Tab 13 at 242. Although the letter opines that, after many months of treatment, the appellant "is ready to return to work," it also states that "[b]y no means does returning to work mean she is free from trauma." *Id.* As for accommodations, the letter contemplates continued leave, mentorship, and training for coworkers and supervisors. *Id.* For the same reasons discussed above, we find that the August 2022 letter does not constitute unambiguous evidence of recovery. Rather, it is similar to many of the other letters provided to the agency during the appellant's extended leave in 2020 and 2021. The appellant has not asserted any other basis to disturb the administrative judge's finding that the agency proved nexus, and we therefore affirm it.[5] ID at 18-19.

Finally, we agree with the administrative judge that the agency's chosen penalty of removal is reasonable. ID at 19-23. When all of the agency's charges are sustained, but some of the underlying specifications are not, the agency's penalty determination is entitled to deference and should only be reviewed to determine whether it is within the parameters of reasonableness. *See Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 651 (1996). Despite our finding that the agency proved its excessive absence charge with respect to 613 hours, rather than the 950 hours charged, we find no basis to mitigate the agency's chosen penalty. *See Gartner*, 104 M.S.P.R. 463, ¶ 10 (finding that removal was within the bounds of reasonableness where the appellant was charged with excessive absences in the amount of 333.5 hours during a 6-month period). In the approximately 1.5-year

---

[5] The appellant asserts on review that the agency should have charged her with medical inability to perform instead of excessive absences. PFR File, Tab 1 at 27-28. However, the Board is required to review an agency's adverse action solely on the grounds invoked by the agency. *Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 69 (1997).

period preceding her removal, the appellant reported to work for approximately 54 hours, IAF, Tab 11 at 49-80, requiring the agency to reassign her duties and reallocate resources, ID at 20. Thus, even if we do not consider the AWOL or failure to follow leave procedures charges, we find that the penalty of removal is reasonable for the appellant's excessive absences.

Based on the foregoing, we deny the appellant's petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.