**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KYLE WAYNE SHIRLEY,
                Appellant,

        v.

DEPARTMENT OF JUSTICE,
                Agency.

DOCKET NUMBER
CH-0752-18-0509-I-1

DATE: May 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Darrin W. Gibbons, Richmond, Virginia, for the appellant.

Patricia A. Hargrave and Susan E. Gibson, Washington, D.C., for the
  agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which
affirmed his removal for medical inability to perform the essential duties of his
position. Generally, we grant petitions such as this one only in the following
circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the proper standard for the agency's charge, to supplement the administrative judge's analysis of the appellant's disability discrimination claims by finding that he is not a qualified individual with a disability, and to find that the penalty of removal is within the tolerable limits of reasonableness, we AFFIRM the initial decision.

## BACKGROUND

The appellant held the GS-1811-12 position of Deputy United States Marshal (DUSM) (Criminal Investigator) with the agency's United States Marshals Service. Initial Appeal File (IAF), Tab 10 at 7-8.[2] In September 2012, he injured his lower back and spine while on duty. IAF, Tab 9 at 65, Tab 10 at 16. As explained in the initial decision, the appellant underwent a series of four back surgeries from July 2013 through May 2016. IAF, Tab 42, Initial Decision (ID) at 2-4. Beginning in March 2016, the appellant received workers' compensation and did not perform any work. IAF, Tab 10 at 17, 32. In a June

---

[2] The parties and the record documentation refer to the appellant's GS-1811 position as both DUSM and Criminal Investigator. IAF, Tab 10 at 7-8, 14, Tab 11 at 51-52. The record indicates that there is a separate GS-082 DUSM position. IAF, Tab 16 at 6, 44. For clarity's sake, we have referred to the appellant's position as DUSM in this Final Order.

2016 physician evaluation report, the appellant's treating physician indicated that he could not perform aggressive law enforcement activities and estimated his return to duty in December 2016.  IAF, Tab 11 at 17-18.  In July 2016, the agency made a fitness-for-duty determination concluding that the appellant was medically disqualified for his DUSM position based on his back injury.  IAF, Tab 10 at 61-64.  After the appellant appealed the determination, IAF, Tab 11 at 4-15, the agency again found him medically disqualified in November 2016, IAF, Tab 10 at 49-51.  The agency informed the appellant of options including law enforcement retirement, medical disability retirement, accommodation and reassignment, and resignation.  *Id.* at 50.

The appellant did not choose any of those options, and the agency proposed his removal in March 2017 based on the charge of medical inability to perform the essential duties of his DUSM position.  *Id.* at 26-30.  Among other things, the agency noted that the medical standards for law enforcement positions require the incumbent to have a musculoskeletal system allowing the individual to carry out the essential functions of the job.  *Id.* at 26.  The agency further noted that the essential duties of the appellant's DUSM position involved "potentially dangerous and hazardous situations, including stationary or moving surveillance, search and seizure activities, pursuit and restraint of suspects, and prisoner transport and arrests."  *Id.*  The agency concluded that his current diagnosis and the side effects of his back injury prohibited him from "performing vigorous exertional exercise and aggressive law enforcement activities."  *Id.* The appellant, through his representative, acknowledged during his oral reply that he could not perform his duties.  *Id.* at 15.  However, based on his treating physician's opinion, he claimed that he would be able to return to duty after a fifth back surgery that was unscheduled.  *Id.* at 19-22.  The deciding official sustained his removal, effective April 21, 2017.  *Id.* at 7-10.

The appellant thereafter filed a formal equal employment opportunity (EEO) complaint concerning his removal, IAF, Tab 9 at 33, 39-41, and he applied

for disability retirement, IAF, Tab 18 at 4-7. After receiving a final agency decision on his EEO complaint, IAF, Tab 9 at 20-32, the appellant filed the instant appeal of his removal with the Board, and he requested a hearing, IAF, Tab 1 at 1-7. He raised the affirmative defenses of disability discrimination based on disparate treatment and a failure to accommodate, and retaliation for requesting a reasonable accommodation and for filing prior EEO complaints. ID at 13-16; IAF, Tab 21 at 5-6, Tab 23 at 3.

After holding a telephonic hearing, the administrative judge issued an initial decision affirming the agency's removal action. ID at 1, 17. Specifically, she found that the agency met its burden of proving the charge and that the penalty of removal promotes the efficiency of the service. ID at 8-12. She further found that the appellant did not meet his burden of proving the affirmative defenses. ID at 13-16.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[3] The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly considered Dr. T.A.'s written report despite his absence at the hearing.</u>

In proposing the appellant's removal, the agency relied on a June 2016 report in which Dr. T.A. conducted an independent medical review of the appellant's medical documentation. IAF, Tab 10 at 27-28, 65-67. After both parties requested Dr. T.A. as a witness, IAF, Tab 15 at 10, Tab 21 at 6, the

---

[3] The appellant does not dispute, and we decline to disturb, the administrative judge's finding that he failed to prove his claims of retaliation for requesting a reasonable accommodation and for filing prior EEO complaints regarding disability discrimination and retaliation. ID at 13-16; IAF, Tab 9 at 62. In our recent decision, *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 44-47, we held that such claims are analyzed under the "but for" causation standard, i.e., if the agency would not have taken the same action in the absence of the protected activity. Here, even if we applied the "but for" causation standard to the appellant's retaliation claims, he would not be able to meet it because the administrative judge found that he failed to meet the lower motivating factor standard. ID at 15-16.

administrative judge approved him as a witness and granted the agency's motion to issue him a subpoena to testify at the hearing, IAF, Tab 20, Tab 23 at 4, Tab 32.[4]  However, Dr. T.A. did not appear at the hearing.  IAF, Tab 39, Hearing Recording (HR).  The administrative judge discussed Dr. T.A.'s report in the initial decision.  ID at 4.

In his petition for review, the appellant challenges the agency's purported inability to locate Dr. T.A. and the administrative judge's reliance on Dr. T.A.'s report.  PFR File, Tab 1 at 4, 7.  We discern no reason to disturb the initial decision based on such alleged errors.  The Board's regulations establish procedures for enforcing a subpoena and for postponing a hearing upon motion by a party.  5 C.F.R. §§ 1201.51(c), 1201.85(a).  Here, the appellant does not allege, and the record does not suggest, that he availed himself of such procedures that might have led to Dr. T.A.'s appearance at the hearing.  *See Porter v. Department of the Navy*, 6 M.S.P.R. 301, 305-06 (1981) (finding that the presiding official properly proceeded with the hearing in the subpoenaed witness's absence when no motion for enforcement was submitted, either orally during the hearing or in writing prior to the issuance of the initial decision); *see also Kinsey v. U.S. Postal Service*, 12 M.S.P.R. 503, 505-06 (1982) (finding that the appellant could not claim harm on review by the agency's refusal to provide documents when he failed to avail himself of the Board's discovery and subpoena procedures).  Even if the appellant had raised Dr. T.A.'s absence as an issue at the hearing, he has not explained how Dr. T.A.'s testimony could have changed the outcome of this appeal.  *See Thomas v. U. S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011) (explaining that, to obtain reversal of an initial decision on the ground that the administrative judge abused her discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed).  Further, we find that, pursuant to 5 C.F.R.

---

[4]  According to the agency, Dr. T.A. is a former Government contractor and not a Federal employee.  IAF, Tab 20 at 5, Tab 28 at 4.

§ 1201.41(b)(3), it was within the administrative judge's discretion to consider Dr. T.A.'s report as relevant medical evidence. *See Tisdell v. Department of the Air Force*, 94 M.S.P.R. 44, ¶ 13 (2003) (observing that an administrative judge has wide discretion to receive relevant evidence); *see also Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83 (1981) (stating that it is well-settled law that relevant hearsay evidence is admissible in administrative proceedings).

We affirm the administrative judge's finding that the agency proved its charge, as modified to apply the correct standard set forth in *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 15, 20.

After the administrative judge issued the initial decision, the Board issued *Haas*, 2022 MSPB 36, ¶¶ 10-15, which clarified the standard for analyzing an agency's charge of inability to perform based on a current medical condition. Although we agree with the administrative judge's finding that the agency proved its charge, we modify the initial decision to apply the correct standard set forth in *Haas*. ID at 8-9. We find that remand is unnecessary because the existing record is fully developed on the relevant issues, and we discern no prejudice to the appellant's substantive rights. *See, e.g.*, *Haas*, 2022 MSPB 36, ¶ 20. Further, we vacate as unnecessary the administrative judge's findings that the agency showed that the appellant had a disabling condition that is disqualifying and that a recurrence of his back pain cannot be ruled out. ID at 8-9.

The Board held in *Haas* that, regardless of whether an employee occupies a position with medical standards, if an agency removes an employee for inability to perform based on a current medical condition, the agency must prove either a nexus between the employee's medical condition and observed deficiencies in his performance or conduct, or a high probability, given the nature of the work involved, that his condition may result in injury to himself or others. *Haas*, 2022 MSPB 36, ¶¶ 15 & n.3, 20. In other words, the agency must establish that the appellant's medical condition prevents him from being able to safely and efficiently perform the core duties of his position. *Id.*, ¶ 20. In determining

whether the agency has met its burden, the Board will consider whether a reasonable accommodation, short of reassignment, exists that would enable the appellant to safely and efficiently perform his core duties. *Id.*, ¶ 25. The Board has indicated that the core duties of a position are synonymous with the essential functions of a position under the Americans with Disabilities Act of 1990 (ADA), as amended by the ADA Amendments Act of 2008, i.e., the fundamental job duties of the position, not including marginal functions. *Id.*, ¶ 21. One of the bases for finding that a function is essential is that it is the "reason the position exists." *Id.*; 29 C.F.R. § 1630.2(n)(2)(i).

Here, the administrative judge found that the duties of the appellant's DUSM position are to apprehend fugitives, execute arrest warrants, transfer prisoners in hands-on operations, control crowds, and protect the Federal judiciary. ID at 9. The appellant does not challenge this finding on review, which is consistent with the relevant position description and the associated medical standards. IAF, Tab 11 at 52-58, Tab 16 at 6, 44, 70. Accordingly, we find that the administrative judge properly described the appellant's core duties as set forth above.

We further find that the agency proved by preponderant evidence that, at the time of the appellant's removal in April 2017, he had a medical condition that prevented him from being able to safely and efficiently perform the core duties of his position. The appellant's position description states that the work "requires considerable and strenuous physical exertion such as long periods of standing, walking, and running over rough, rocky, uneven, and hazardous terrain; crawling in restrictive areas; and climbing fences and walls," as well as the ability "to protect themselves or others from physical attacks at any time and without warning." IAF, Tab 11 at 57. The appellant's treating physician indicated in Physician Evaluation Reports dated August and December 2016 that he was restricted from heavy lifting and carrying (45 pounds and heavier), reaching above the shoulder, running, climbing stairs, stooping, crawling, standing or

sitting for long periods of time, and aggressive law enforcement activities. IAF, Tab 10 at 56-59. In a July 2017 letter, the appellant's treating physician stated that he "continues to experience pain which is aggravated by even minimal activity and is only able to do minimal bending, twisting or stooping" and he "is not able to reach overhead or walk for more than one block without severe aggravation of his pain." *Id.* at 6. The appellant, through his representative, conceded during his oral reply that he was not medically fit for duty. *Id.* at 15. Further, the appellant does not dispute his treating physician's medical opinions. Moreover, the record reflects that, despite being informed of the option to request an accommodation in response to the agency's determinations in July and November 2016 that he was not medically qualified for the DUSM position, he did not do so. IAF, Tab 10 at 49-51, 53-55, 61-64, Tab 11 at 4-6, 14-15; *see Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶¶ 2, 5, 9 (2014) (finding that the agency proved the charge of physical inability to perform the duties of the position when, among other things, the appellant did not suggest or request an accommodation). Based on the foregoing, we agree with the administrative judge's conclusion that the agency proved its charge of medical inability to perform the essential duties of the DUSM position. ID at 8-9.

On review, the appellant claims that he requested a reasonable accommodation to perform a lifting procedure during a training exercise. PFR File, Tab 1 at 6; IAF, Tab 21 at 10-11. However, given the undisputed severity of the appellant's medical restrictions at the time of his removal, we are not persuaded that he would have been able to perform safely a lifting procedure with a reasonable accommodation. The appellant further claims that he did not believe he was entitled to a reasonable accommodation based on a December 2015 email in which the Affirmative Employment Programs Chief advised him that his position does not allow for reasonable accommodations. PFR File, Tab 1 at 6; IAF, Tab 21 at 9. However, we find that his alleged belief was unreasonable because the agency clearly informed him of the option to

request an accommodation in July and November 2016. IAF, Tab 10 at 49-51, 61-64. Based on the foregoing, we find that the appellant's arguments regarding the following issues are immaterial to whether the agency proved its charge: the probative weight of the agency's medical opinions; the credibility of the agency's witnesses; the administrative judge's reliance on "stale information"; her consideration of the length of time he was out of work; and her finding that the recurrence of his back pain cannot be ruled out. PFR File, Tab 1 at 4-7; ID at 8-9. To the extent such arguments relate to his claim that he has fully recovered from his medical condition, we will address them as part of our penalty analysis below.

<u>We affirm the administrative judge's finding that the appellant failed to prove his disability discrimination claims, as modified to find that he is not a qualified individual with a disability.</u>

The appellant reasserts on review his disability discrimination claims under the theories of failure to accommodate and disparate treatment. PFR File, Tab 1 at 4-7. For the following reasons, we affirm the administrative judge's finding that the appellant failed to prove such claims, as modified to find that he is not a qualified individual with a disability. ID at 13-16. Further, we vacate as unnecessary the administrative judge's findings that the appellant proved that he is an individual with a disability, proved that the agency took its action as a result of a disabling back condition, did not assert there was a reasonable accommodation under which he believes he could perform the essential functions of his position or of a vacant position, and did not meet his burden of showing that disability discrimination was a motivating factor in his removal.[5] ID at 14-16.

---

[5] Because we vacate such findings, we decline to address the appellant's argument that the administrative judge improperly determined that he is incapacitated from lifting more than 10 pounds and maintaining sufficient strength to subdue an attacker, control violent or unruly crowds, and respond to an emergency. PFR File, Tab 1 at 6; ID at 15. Similarly, we find that the appellant's assertions on review about the agency's treatment of a purported similarly situated employee are immaterial to the outcome of his discrimination claims. PFR File, Tab 1 at 6-7; ID at 15-16.

Both a claim of disability discrimination based on an individual's status as disabled and a claim based on an agency's failure to reasonably accommodate that disability require that the individual be "qualified." *Haas*, 2022 MSPB 36, ¶ 28; *see* 42 U.S.C. § 12112(a), (b)(5)(A). The term "qualified individual" means "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *see Haas*, 2022 MSPB 36, ¶ 28.

Here, the record is devoid of evidence to establish that the appellant could have performed the essential functions of his position, with or without reasonable accommodation. As discussed above, the appellant had severe medical restrictions in place at the time of his removal, the agency proved its charge of medical inability to perform the essential duties of his DUSM position, we are not persuaded that he would have been able to perform a lifting procedure with a reasonable accommodation, and he did not request an accommodation after the agency informed him of the option in July and November 2016. *See Paris v. Department of the Treasury*, 104 M.S.P.R. 331, ¶ 24 (2006) (observing that an appellant cannot prevail on a disability discrimination claim merely by articulating a reasonable accommodation). Further, the appellant has not identified an alternative position that he desires. *See Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 18 (2015) (indicating that an appellant failed to engage in the interactive process when, as relevant here, he did not identify any vacant, funded position to which the agency might have assigned him), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016). Instead, the appellant ignored the agency-provided option of requesting a reassignment to a vacant administrative position. IAF, Tab 10 at 50, 63. Therefore, we find that the appellant has failed to prove that he is a qualified individual with a disability. Accordingly, he cannot prevail on his claims of disability discrimination based on the agency's alleged

failure to reasonably accommodate him or based on alleged disparate treatment.[6] *See Haas*, 2022 MSPB 36, ¶¶ 29-30.

<u>We affirm the administrative judge's finding that the appellant's removal promotes the efficiency of the service, and we modify the initial decision to find that the penalty of removal is within the tolerable limits of reasonableness.</u>

As properly explained in the initial decision, removal for medical inability to perform essential position functions generally promotes the efficiency of the service. ID at 10; *see Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 17 (2014), *overruled on other grounds by Haas*, 2022 MSPB 36, ¶ 14. A removal for medical inability to perform will be reversed on the basis that such action does not promote the efficiency of the service if, during the pendency of the Board appeal, the appellant presents new medical evidence that clearly and unambiguously shows he has recovered such that he is able to perform the essential duties of his position. ID at 10; *see Sanders v. Department of Homeland Security*, 122 M.S.P.R. 144, ¶ 9, *aff'd*, 625 F. App'x 549 (Fed. Cir. 2015), *overruled on other grounds by Haas*, 2022 MSPB 36, ¶ 14; *see also Owens v. Department of Homeland Security*, 2023 MSPB 7, ¶ 15 (observing that the Board has held that, when an appellant recovers from the medical condition that resulted in his removal before the administrative judge has issued an initial decision in his removal appeal, the removal action does not promote the efficiency of the service).

Here, in finding that the appellant's removal promotes the efficiency of the service, the administrative judge addressed his argument that he has recovered entirely after his fifth back surgery in September 2017. ID at 7, 10-12. In particular, she considered the testimony of the appellant's treating physician that he examined the appellant in August 2018, he determined that the appellant is

---

[6] Based on the foregoing, the appellant's assertion on review that the administrative judge inaccurately described who approved an ergonomic chair and raised his desk is immaterial to the outcome of this appeal. PFR File, Tab 1 at 4; ID at 2. Moreover, we discern no error in the administrative judge's characterization of the appellant's training drill. PFR File, Tab 1 at 6; ID at 3.

able to return to work with no restrictions and to perform the full duties of a DUSM, and the appellant's likelihood of further back injury is no higher than anyone else's. ID at 10; HR (testimony of the appellant's treating physician). However, she found that the treating physician's testimony does not clearly and unambiguously demonstrate that the appellant has recovered sufficiently to perform the essential duties of his position. ID at 10-11. In so finding, she considered the following: the treating physician's history of unsuccessfully returning the appellant to work and inaccurately predicting when he could return to work; the absence of testing results or a medical report providing the basis for the treating physician's August 2018 opinion; the testimony of Dr. T.S., an agency Reviewing Medical Officer, that back surgeries cause scarring and changes to normal anatomy and physiology of the body's core; the appellant's October 27, 2017 sworn affidavit and his August 1, 2017 application for disability retirement; the appellant's September 26, 2018 prehearing submission in which he asserted that he continues to suffer "sporadic" pain; and the testimony of Dr. F.G., an agency Reviewing Medical Officer, regarding the appellant's use of narcotic pain medication. ID at 2-6, 8-9, 11-12; HR (testimonies of Dr. T.S. and Dr. F.G.); IAF, Tab 9 at 60-72, Tab 10 at 45-48, Tab 18 at 4-5, Tab 21 at 5.

On review, the appellant reasserts his claim that he has fully recovered, and he challenges the administrative judge's weighing of the medical evidence, her credibility findings, her failure to ask him questions at the hearing about his current symptoms and use of narcotics for pain management, and her consideration of his affidavit and application for disability retirement. PFR File, Tab 1 at 4-5, 7. For the following reasons, we discern no reason to disturb the initial decision based on the appellant's arguments on review. The appellant's conclusory allegations of the agency's discrimination and inability to locate Dr. T.A. are insufficient to question the credibility of the agency's witnesses as a whole. *Id.* at 7. Further, we discern no abuse of discretion in the administrative judge's failure to ask the appellant questions during the hearing. *See Thomas v.*

*U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011) (stating that an administrative judge has broad discretion to regulate the course of the hearing). Even if the administrative judge improperly considered the appellant's sworn affidavit and disability retirement application, he has not explained how his substantive rights have been harmed. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

In assessing the probative weight of a medical opinion, the Board considers whether the opinion was based on a medical examination, whether the opinion provided a reasoned explanation for its findings as distinct from mere conclusory assertions, the qualifications of the expert rendering the opinion, and the extent and duration of the expert's familiarity with the appellant's treatment. *Wren v. Department of the Army*, 121 M.S.P.R. 28, ¶ 9 (2014). Here, we find that the administrative judge properly relied on the testimonies of Drs. T.S. and F.G. based on the reasoned explanations for their opinions. We further find that the administrative judge properly deemed the treating physician's testimony as not probative because he did not address the potential for musculoskeletal impairment as a result of five surgeries. ID at 11. Moreover, it is undisputed that the medical reports (including the treating physician's reports) from March 2016 through July 2017 consistently expressed the opinion that the appellant was unable to perform to perform his duties during that time period. ID at 3-6; IAF, Tab 10 at 6, 45-48, 56-59, 65-67, Tab 11 at 17-21.[7] Accordingly, we affirm the administrative judge's finding that the testimony of the appellant's treating physician does not clearly and unambiguously demonstrate that the appellant has recovered sufficiently to perform the essential duties of his position. *See Wren*, 121 M.S.P.R. 28, ¶¶ 9-11 (finding that the conclusory opinion expressed in a new medical report did not outweigh the consistent medical reports over more than a

---

[7] Although the appellant disputes the probative value of the agency-provided medical opinions, we find that they are probative based on the reasoned explanations for their findings. PFR File, Tab 1 at 4.

2-year period that the appellant was unable to engage in the work-related travel necessary to his position). Therefore, we discern no basis to disturb the administrative judge's well-reasoned determination that the appellant's removal promotes the efficiency of the service. ID at 12.

In addition, the administrative judge correctly explained in the initial decision that a removal for medical inability to perform is considered a nondisciplinary action and that the appropriate standard in assessing the penalty in such cases is whether the penalty of removal exceeded the tolerable limits of reasonableness.[8] ID at 10; *see Brown*, 121 M.S.P.R. 205, ¶ 18. She properly considered the agency's evidence that it notified the appellant that he had the option of a reassignment to a non-law-enforcement position, and his testimony that he did not pursue that option. ID at 12; HR (testimony of the appellant); IAF, Tab 10 at 49-51; *see Brown*, 121 M.S.P.R. 205, ¶ 19 (considering, in assessing the reasonableness of the penalty, whether the agency had any vacant positions within his restrictions to which he could be assigned). Although the appellant disputes the agency's evidence that he was offered a reassignment, he does not dispute that he received the agency's fitness-for-duty determinations in

---

[8] The "consistency of the penalty with those imposed upon other employees for the same or similar offenses" is one of 12 factors that the Board generally considers as relevant in assessing the reasonableness of the penalty. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). However, none of the *Douglas* factors are relevant in a case when the agency's action is based on medical inability to perform because such a case does not involve an appellant's alleged misconduct. *Brown*, 121 M.S.P.R. 205, ¶ 18. Thus, to the extent the appellant is raising a disparate penalties claim, we need not consider it. PFR File, Tab 1 at 6-7; *cf. Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483, ¶¶ 14-16 (2014) (declining to consider the appellant's disparate penalties claim when the agency's indefinite suspension action was not a sanction or penalty for misconduct but was based on the revocation of the appellant's security clearance required for his position). Nevertheless, we find that the employee identified by the appellant is not a proper comparator for disparate penalties purposes because the employee is able to perform the duties of a DUSM position with an accommodation and, as explained above, the appellant cannot. PFR File, Tab 1 at 6-7; ID at 15-16; *see Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 13 (holding that, for purposes of a disparate penalties claim, potential comparators should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant).

July and November 2016, explaining the option for a reassignment to an administrative position. PFR File, Tab 1 at 5; IAF, Tab 10 at 49-51. As explained above, we are not persuaded by the appellant's argument that he believed he was not entitled to an accommodation based on a prior email. Because the administrative judge did not make an explicit finding on the reasonableness of the penalty, we modify the initial decision to find that the agency-imposed penalty of removal is within the tolerable limits of reasonableness. *See Brown*, 121 M.S.P.R. 205, ¶ 22 (observing that the penalty of removal may be justified when the appellant falls short of his obligations during the interactive reasonable accommodation process).

Accordingly, we affirm the agency's removal action.

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[10]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Gina K. Grippando

FOR THE BOARD:          _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.