**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NITA MCKINLEY,
          Appellant,

      v.

SOCIAL SECURITY
    ADMINISTRATION,
          Agency.

DOCKET NUMBER
SF-0752-20-0041-I-2

DATE:  July 25, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Jennifer Duke Isaacs, Esquire, Atlanta, Georgia, for the appellant.

Matthew C. Miller, Baltimore, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was formerly employed by the agency as a GS-08 Contact Representative/Customer Service Representative (Bilingual) with the Office of the Regional Commissioner in Inglewood, California. *McKinley v. Social Security Administration*, MSPB Docket No. SF-0752-20-0041-I-1, Initial Appeal File (IAF), Tab 5 at 265. On August 21, 2009, she sustained an occupational injury. IAF, Tab 6 at 67. Thereafter, she suffered a second occupational injury on July 1, 2013. *Id.* at 58; IAF, Tab 5 at 229. Such injuries appear related to her neck, shoulders, elbows, wrists, and finger. IAF, Tab 6 at 7, 58, 67; *McKinley v. Social Security Administration*, MSPB Docket No. SF-0752-20-0041-I-2, Refiled Appeal File (RAF), Hearing Transcript at 121-24 (testimony of the appellant). From August 13, 2014, to October 4, 2015, the agency provided the appellant with a fixed shift of 4 hours of work per day to accommodate her medical restrictions, which as of February 16, 2015, included no reaching above the shoulders, intermittent neck motions up to 50% of the shift, and taking a 15-minute break every 30 minutes. IAF, Tab 5 at 229, 232. On October 5, 2015, the agency notified the appellant that it could no longer accommodate her restrictions due to the workload and needs of the office and that it was placing her on workers' compensation leave without pay. *Id.* at 232. The appellant did not return to work after October 5, 2015, but rather received benefits through the Office of Workers' Compensation Programs (OWCP). *Id.* at 34, 42.

By letter dated February 9, 2018, the agency notified the appellant that it may take adverse action against her based on her excessive absences unless she became available for duty. *Id.* at 224. The agency noted that the appellant had been absent 100% of the time since September 1, 2017, and her medical documentation dated November 27, 2017, did not indicate that a significant

improvement of her condition was expected in the foreseeable future. *Id.* On March 15, 2018, the agency was notified that OWCP intended to refer the appellant out for a referee exam by a third physician because it was unable to give weight to either of the appellant's prior medical reports from Dr. X.Y. or Dr. G.H. *Id.* at 230. Prior medical documentation from Dr. X.Y. dated March 30, 2017, indicated that the appellant had permanent restrictions, which included no reaching above her shoulders, intermittent neck motions up to 50% of her shift, and taking a 15-minute break every 30 minutes. *Id.* at 235. The March 30, 2017 medical documentation also indicated that the appellant could perform the following tasks occasionally up to 25% of her shift: keyboard/mouse use, repetitive hand motions, and gripping/grasping. *Id.* However, medical documentation dated July 12, 2017, from Dr. G.H., who had provided a second opinion, indicated that the appellant was able to work 8 hours per day with a 15-minute break every 2 hours and with restrictions including, among other things, no reaching above the shoulders and up to 4 hours of repetitive wrist or elbow movements. IAF, Tab 6 at 59, 61. As a result, OWCP notified the agency that both physicians had provided work restrictions, and if the agency could accommodate the more restrictive limitations provided by Dr. X.Y., it could offer the appellant a position instead of the appellant remaining on leave receiving full compensation benefits while they awaited the referee exam. IAF, Tab 5 at 230.

On December 4, 2018, the agency proposed the appellant's removal based on one charge of excessive absence. *Id.* at 240. The appellant did not respond to the proposal notice, and the agency sustained the charge and removed her effective January 25, 2019. *Id.* at 247. Following her removal, on May 23, 2019, the appellant filed a formal complaint of discrimination alleging that her removal was due to discrimination based on her race, age, religion, disability, and retaliation for her prior equal employment opportunity (EEO) activity. IAF, Tab 1 at 32-33, Tab 5 at 69-71. While the agency was investigating the appellant's formal complaint, on July 15, 2019, OWCP determined that the

referee opinion of Dr. F.N. dated May 23, 2019, constituted the weight of medical evidence in the appellant's workers' compensation case. IAF, Tab 5 at 179. Based on the May 23, 2019 medical documentation, which indicated that the appellant was capable of resuming gainful employment within imposed restrictions, OWCP referred the appellant for vocational rehabilitation services. *Id.* In particular, Dr. F.N.'s May 23, 2019 report indicated the following permanent restrictions: no power grasping, simple grasping, precision grasping, fingering, forward reaching, pushing, pulling, repetitive wrist or elbow movements; infrequent reaching overhead; and a lifting capacity of 10 pounds. IAF, Tab 6 at 7-19.

On September 20, 2019, the agency issued a Final Agency Decision regarding the appellant's formal complaint of discrimination, finding that the appellant failed to prove her removal was motivated by discrimination. IAF, Tab 5 at 32-47. On October 21, 2019, the appellant filed a Board appeal. IAF, Tab 1. After holding a hearing, the administrative judge issued an initial decision sustaining the agency's sole charge of excessive absenteeism based on the factors set forth in *Cook v. Department of the Army*, 18 M.S.P.R. 610, 611-12 (1984). RAF, Tab 30, Initial Decision (ID) at 7-12. In particular, the administrative judge found that the agency proved the following by preponderant evidence: the appellant was absent from work for compelling reasons beyond her control following a compensable injury so that the agency's approval or disapproval was immaterial because she could not be on the job; her absences from September 1, 2017,[2] to January 25, 2019, continued beyond a reasonable time and the agency warned the appellant via letter dated February 9, 2018, that an adverse action could be taken unless she became available for duty on a regular basis; and her position needed to be filled by an employee available for duty on a regular basis. *Id.* The administrative judge further found that the appellant failed to prove her

---

[2] Although the appellant was absent from work as of October 5, 2015, the agency relied on September 1, 2017, as the date for the excessive absence analysis because that was the date referenced in the February 9, 2018 warning letter. IAF, Tab 5 at 8 n.3.

affirmative defenses of discrimination based on her race, age, religion, disability, and retaliation for her prior EEO activity. ID at 12-25. Finally, the administrative judge found that the agency established nexus and that the appellant's removal promoted the efficiency of the service. ID at 25-27.

The appellant has filed a petition for review in which she alleges that the administrative judge erred in finding that she was unable to work, that she was not able to perform the duties of her position on a part-time basis, and that her position needed to be filled by an employee available for duty. Petition for Review (PFR) File, Tab 2 at 14. She further asserts that the administrative judge erred in finding that she failed to prove her affirmative defenses of disability discrimination or retaliation for prior EEO activity. *Id.* at 16-26. The agency has filed a response, and the appellant has replied. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

Remand is necessary to allow further development of the record concerning the appellant's medical evidence dated May 23, 2019.

The record reflects that, following the appellant's January 25, 2019 removal, the appellant was examined by Dr. F.N. on May 23, 2019, per OWCP's request for a referee opinion. IAF, Tab 5 at 179, 230. Dr. F.N.'s May 23, 2019 report indicated that the appellant was capable of working within imposed restrictions including the following permanent restrictions: no power grasping, simple grasping, precision grasping, fingering, forward reaching, pushing, pulling, repetitive wrist or elbow movements; infrequent reaching overhead; and a lifting capacity of 10 pounds. IAF, Tab 6 at 7-19. OWCP determined that the referee opinion of Dr. F.N. dated May 23, 2019, constituted the weight of medical evidence in the appellant's workers' compensation case and referred the appellant for vocational rehabilitation services. IAF, Tab 5 at 179. As part of that process, an OWCP rehabilitation counselor was to contact the agency to determine if the agency could offer work within the appellant's new restrictions. *Id.* at 181-82. Although the appellant appears to have fewer medical restrictions in the May 23,

2019 report, notably with respect to taking breaks, Dr. F.N.'s medical report did not relate the appellant's medical restrictions to the duties of her position, and the record is not developed on this issue. Thus, it is unclear whether the appellant could perform the essential functions of her position within the restrictions described in the May 23, 2019 report. Indeed, according to the agency, it is "unclear that the limitations imposed by Dr. F.N. in May 2019 (after the removal) would be compatible with the requirements of the job." *Id.* at 15 n.7.

The Board has held that a removal for physical inability to perform the functions of a position cannot be sustained when the appellant diligently obtains and presents new medical evidence showing that, prior to the issuance of the initial decision, she recovered from the condition that previously prevented her from performing the duties of her position. *See, e.g., Owens v. Department of Homeland Security*, 2023 MSPB 7, ¶ 15; *Johnson v. U.S. Postal Service*, 120 M.S.P.R. 87, ¶ 8 (2013); *Edwards v. Department of Transportation*, 109 M.S.P.R. 579, ¶ 19 (2008); *Morgan v. U.S. Postal Service*, 48 M.S.P.R. 607, 611-13 (1991); *Street v. Department of the Army*, 23 M.S.P.R. 335, 342-43 (1984). The Board has reasoned that evidence relating to the appellant's improved condition or subsequent reinstatement to duty is relevant to the agency's removal action at the time it was taken because such evidence relates to the ultimate criterion, whether removal promotes the efficiency of the service. *Morgan*, 48 M.S.P.R. at 611. Although such cases generally pertain to a removal for physical inability to perform, the Board has also considered post-removal medical evidence in the context of a removal for excessive absence. *See Campbell v. U.S. Postal Service*, 94 M.S.P.R. 646, ¶ 17 (2003). Accordingly, on remand the administrative judge shall afford the parties an opportunity to develop the record concerning the appellant's post-removal medical restrictions and whether she is able to perform the essential functions of her job with such restrictions, as well as whether the agency has offered the appellant modified work in response to OWCP's July 15, 2019 determination that the appellant's

post-removal medical documentation constitutes the weight of the medical evidence in her workers' compensation case.

The administrative judge shall decide whether the agency proved its charge based on the record as developed on remand.

As a general rule, an agency may not take an adverse action based on an employee's use of approved leave. *Williams v. Department of Commerce*, 2024 MSPB 8, ¶ 5. However, an exception exists when the following criteria are met: (1) the employee was absent for compelling reasons beyond her control so that agency approval or disapproval of leave was immaterial because she could not be on the job; (2) the absences continued beyond a reasonable time, and the agency warned the employee that an adverse action could be taken unless she became available for duty on a regular full-time or part-time basis; and (3) the agency showed that the position needed to be filled by an employee available for duty on a regular, full-time or part-time basis. *Id.* (citing *Cook*, 18 M.S.P.R. at 611-12). This exception is applicable only under unusual circumstances, i.e., when the employee is unable to return to duty because of the continuing effects of illness or injury. *Id.*

Regarding factor 2, the administrative judge found that the appellant's absences from September 1, 2017, to January 25, 2019, continued beyond a reasonable time and the agency warned the appellant via letter dated February 9, 2018, that an adverse action could be taken unless she became available for duty on a regular basis. ID at 8. On review, the appellant does not dispute such findings, and we discern no error in the administrative judge's analysis. Regarding factor 3, we similarly discern no error in the administrative judge's finding, based on the testimony of the appellant's supervisors, that the appellant's position needed to be filled by an employee available for duty on a regular basis. ID at 9. The appellant's conclusory argument on review that this finding was erroneous does not meet the Board's criteria for review because she fails to

explain how or why such a finding is erroneous. PFR File, Tab 2 at 14, 16; *see* 5 C.F.R. § 1201.115(a)(2).

Regarding factor 1, the administrative judge found that the appellant was absent from work for compelling reasons beyond her control following a compensable injury so that the agency's approval or disapproval was immaterial because she could not be on the job. ID at 8. In particular, the administrative judge found that the appellant's limitations were such that she was unable to perform her job duties based on the testimony of the appellant's supervisors that, while the appellant was assigned an ad hoc part-time schedule of 4 hours a day from August 13, 2014, to October 5, 2015, she was not performing a quarter of the essential functions of her job due to the time restrictions, which had to be assigned to other employees, and thus, she was not meeting the agency's operational needs. ID at 10-11.

On review, the appellant disputes the administrative judge's finding that she was unable to perform her job duties even under a modified part-time schedule, but she fails to explain how or why such a finding was erroneous. PFR File, Tab 2 at 14. Nonetheless, in light of our decision to remand for further development of the record concerning the May 23, 2019 referee opinion, we decline to decide whether the administrative judge properly found that the appellant was unable to work due to her medical restrictions. We note that the administrative judge's finding that the appellant was unable to work is based largely on events that occurred in 2015, over 3 years prior to the appellant's removal on January 25, 2019. ID at 11. Thus, the record on remand concerning the May 2019 referee opinion, dated only 4 months after the appellant's removal, may shed light on the appellant's ability to work at the time of the agency's decision to remove her. *See Morgan*, 48 M.S.P.R. at 611 (stating that the Board's review is not limited to the evidence supporting the agency's decision at the time the removal action was taken, and thus, the Board can rely on evidence of

subsequent events that sheds light on the circumstances at the time that the agency acted).

We vacate the administrative judge's findings concerning the appellant's affirmative defense of disability discrimination and remand for further adjudication.

Regarding the appellant's affirmative defense of disability discrimination, the administrative judge found that the appellant was disabled and assumed without deciding that she was a qualified individual with a disability, i.e., that she could perform the essential functions of her position with or without reasonable accommodation. ID at 17, 21. However, the administrative judge found that the appellant failed to fulfill her obligation to participate in the interactive process because she never requested an accommodation either verbally or in writing. ID at 18-21. He credited the testimony of the appellant's supervisors over the appellant that, although the appellant called and asked for the form to request reasonable accommodations after she received the February 9, 2018 notice, the agency mailed the form to the appellant, but the appellant never returned it or made any attempt to request accommodation either verbally or in writing. ID at 18-19. Rather, according to the appellant's supervisors, the appellant would express an interest in returning to work, her supervisor would ask her what the agency could do to help her, and the appellant would indicate that she would respond after speaking with her doctor but never did. ID at 19.

Such findings, however, fail to account for or address the appellant's arguments and evidence that she was absent from work due to a compensable injury and that the agency received medical documentation from OWCP indicating that she could work under certain medical restrictions. IAF, Tab 5 at 229 (February 16, 2015 medical restrictions from Dr. X.Y.), 235 (March 30, 2017 medical restrictions from Dr. X.Y.), Tab 6 at 59-61 (July 12, 2017 medical restrictions from Dr. G.H.), 53 (November 27, 2017 restrictions from Dr. X.Y.). Such medical documentation indicating that the appellant could return to work

with restrictions constituted requests for reasonable accommodations. *See* Equal Employment Opportunity Commission (EEOC) Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act (EEOC Enforcement Guidance), Question 2, Example B, Notice 915.002, 2002 WL 31994335 (Oct. 17, 2002) (stating that, when an employee has been out of work due to a workers' compensation injury, a doctor's letter stating that she can return to work with certain restrictions constitutes a request for reasonable accommodation). Thus, the administrative judge erred in finding that the appellant never requested a reasonable accommodation.

The record reflects that, by letter dated October 5, 2015, the agency notified the appellant that it was unable to accommodate her work restrictions—specifically, the restriction of taking a 15-minute break every 30 minutes. IAF, Tab 5 at 232. The appellant, however, maintains that she could have performed her job duties with an accommodation, such as a modified schedule or using voice-activated software, which would not have required her to make repetitive motions with her hands and wrists throughout the day. RAF, Tab 13 at 10; PFR File, Tab 2 at 16. The administrative judge did not analyze whether the appellant could have performed the essential functions of her job with an accommodation because he found that she failed to fulfill her obligations under the interactive process by not requesting a particular accommodation, such as the use of Dragon, a voice-activated computer software program. ID at 20-23. However, the appellant's failure to specifically request a specific accommodation, such as voice-activated software, which she contends she was not aware of at the time, did not dispense with the agency's obligations as the administrative judge found.[3] *See Paris v. Department of the Treasury*, 104 M.S.P.R. 331, ¶ 17 (2006) (stating

_____

[3] Although the administrative judge found that the agency provided the appellant with information concerning voice-activated software in 2014, nothing in the record suggests that such an accommodation was offered or suggested during the relevant time period surrounding the agency's October 5, 2015 determination that it could no longer accommodate the appellant by means of a modified work schedule, or thereafter when it proposed her removal. ID at 22.

that an employee only has a general responsibility to inform his employer that he needs accommodation for a medical condition, and once an employee has done so, the employer must engage in the interactive process to determine an appropriate accommodation); *see also Collins v. U.S. Postal Service*, 100 M.S.P.R. 332, ¶ 11 (2005) (stating that both parties have an obligation to assist in the search for an appropriate accommodation). *But see Sanchez v. Department of Energy*, 117 M.S.P.R. 155, ¶ 18 (2011) (noting that the agency's failure to engage in the interactive process alone does not violate the Rehabilitation Act; rather the appellant must show that this omission resulted in failure to provide reasonable accommodation). Moreover, the Board has repeatedly stated that an employing agency is in a better position than a disabled employee to know about its ability to modify duties or working conditions to meet the needs of the employee. *See, e.g., Paris*, 104 M.S.P.R. 331, ¶ 17; *Baker v. U.S. Postal Service*, 71 M.S.P.R. 680, 693 (1996); *Lynch v. Department of Education*, 52 M.S.P.R. 541, 545 (1992); *Savage v. Department of the Navy*, 36 M.S.P.R. 148, 152 n.2 (1988).

Accordingly, based on the record as developed on remand, the administrative judge shall make findings concerning whether the appellant was able to perform the essential functions of her job with an accommodation such as a modified schedule or the use of voice-activated software, and/or whether such accommodations would have been an undue hardship for the agency. *See Paris*, 104 M.S.P.R. 331, ¶¶ 25-29 (remanding for consideration of whether voice-activated software would have allowed the appellant to perform the essential functions of his job); *see also Alvara v. Department of Homeland Security*, 121 M.S.P.R. 613, ¶ 41 (2014) (stating that the Rehabilitation Act requires Federal agencies to provide reasonable accommodations to qualified individuals with disabilities unless to do so would cause an undue hardship); EEOC Enforcement Guidance, Questions 22-23 (discussing a modified schedule as a reasonable accommodation).

<u>The appellant's arguments on review fail to establish any error in the administrative judge's finding that she failed to prove her affirmative defense of reprisal for EEO activity.</u>[4]

Regarding the appellant's affirmative defense of reprisal for EEO activity, the administrative judge found that the appellant participated in protected activity when she pursued informal EEO counseling sometime prior to 2010, filed a formal complaint of discrimination on February 9, 2012, and briefly discussed the possibility of an accommodation in February 2018. ID at 24. However, the administrative judge credited the testimony of the appellant's second-level supervisor that she was unaware of the protected activity. ID at 25. He further found that the remoteness between the appellant's protected activity that occurred between 2009 and 2012 and her January 25, 2019 removal did not suggest a retaliatory motive. *Id.* Ultimately, the administrative judge concluded that there was no evidence that the appellant's prior protected activity was a motivating factor in her removal.[5] *Id.* The appellant's conclusory and unsupported arguments on review that she felt belittled, undermined, disregarded, subjected to offensive and derogatory comments and was treated less favorably by her supervisory chain of command fail to establish any error in the administrative judge's finding. PFR File, Tab 2 at 26.

On review, the appellant also asserts that she also engaged in protected activity in 2014 by providing an affidavit in support of her coworker's

---

[4] On review, the appellant does not challenge the administrative judge's findings that she failed to prove her affirmative defenses of discrimination based on religion, race, and age, and we discern no error in the administrative judge's analysis of such claims.

[5] The appellant's alleged claims of reprisal for requesting a reasonable accommodation and/or discussing the possibility of an accommodation are governed by the Rehabilitation Act, which requires proof that the protected activity was a "but for" cause of the adverse employment action, not merely a motivating factor. *See Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 33. However, such an error does not affect the outcome because the administrative judge found that the appellant failed to meet her burden of proof under the lower, motivating factor standard. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

discrimination complaint.[6] *Id.* at 25. She asserts that her removal was retaliatory because her 2014 protected activity occurred shortly before the agency's October 5, 2015 decision to no longer allow her to work part-time and subsequent refusal to help her find an effective accommodation. *Id.* at 25-26. Such arguments, however, were not diligently raised before the administrative judge, and the appellant has failed to cite to any supporting evidence in the record. Thus, we find such arguments do not meet the Board's criteria for review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (indicating that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); 5 C.F.R. § 1201.115(a)(2) (providing that a petitioner who alleges that the administrative judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error).

On remand, the administrative judge shall provide jurisdictional notice regarding the appellant's potential restoration claim.

The record appears to reflect that the appellant's absences were due to her compensable injuries and that she was able to return to work under medical restrictions. IAF, Tab 5 at 229-35. Further, in light of the appellant's allegation that she could have returned to work under such restrictions, but the agency would not allow her to do so, IAF, Tab 1 at 78-79; PFR File, Tab 2 at 16, we find

---

[6] The appellant also asserts that she filed a formal complaint of discrimination in 2011 alleging that her supervisors downplayed her Spanish-speaking skills and regularly showed preferential treatment to comparators who were outside of her race and age. PFR File, Tab 2 at 25. However, she cites to no evidence in the record in support of her argument, and it is unclear if she is referring to the formal complaint of discrimination she filed on February 9, 2012, alleging, among other things, discrimination based on management's failure to add her name to the bilingual translation list, which the administrative judge addressed. ID at 24. Regardless, beyond a conclusory allegation that she may have participated in additional protected activity in 2011, the appellant has not offered any evidence that such activity was a motivating factor in her removal.

that the appellant may have been attempting to raise a claim that she was denied restoration as a partially recovered individual under 5 C.F.R. § 353.301(d), *see* 5 C.F.R. § 353.304(c) (providing that an individual who is partially recovered from a compensable injury may appeal to the Board for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration). The administrative judge did not provide the appellant with notice of her burden of proving Board jurisdiction over a denial of restoration claim, and the agency's submissions below did not place the appellant on notice of what was required to establish Board jurisdiction over such a claim. Accordingly, on remand, the administrative judge shall apprise the appellant of how to establish Board jurisdiction over her restoration claim and provide her with an opportunity to file evidence and argument on this issue.[7] *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (finding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue); *see also Colleran v. U.S. Postal Service*, 112 M.S.P.R. 650, ¶¶ 9-10 (2009) (remanding a restoration claim when the administrative judge failed to provide the appellant with *Burgess* notice).

We note that an agency's obligation to accommodate an employee's disabilities pursuant to the Rehabilitation Act is somewhat similar in nature and purpose to its obligation to restore a former employee after a compensable injury. *See Leach v. Department of Commerce*, 61 M.S.P.R. 8, 20 (1994); *Patrick v. Department of the Air Force*, 39 M.S.P.R. 392, 396 (1988); 5 C.F.R. § 353.301(d). However, such claims are not synonymous and require separate adjudication. *See, e.g., Morman v. Department of Defense*, 84 M.S.P.R. 96, ¶ 9

---

[7] We make no finding concerning the timeliness of the appellant's restoration claim. *See* 5 C.F.R. § 1201.22(b)-(c) (providing that an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed or 30 days after the date of receipt of the agency's decision, whichever is later, unless good cause is shown); *see also Cranston v. U.S. Postal Service*, 106 M.S.P.R. 290, ¶ 9 (2007) (discussing the appellant's burden to prove timeliness if he is not provided with notice of appeal rights).

(1999) (finding that, even if an accommodation would constitute an undue hardship for the agency, the fact that the agency might be incapable of reasonably accommodating the appellant in her former position would not necessarily mean that the agency did not arbitrarily and capriciously deny the appellant restoration to a position with less demanding physical requirements).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall afford the parties the opportunity to submit additional evidence and argument concerning the appellant's post-removal medical evidence. The administrative judge shall then issue a new decision that addresses the issues raised herein and their effect on the outcome of the appeal.[8]

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[8] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.