**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WAYNE ALEXANDER BANKS,
          Appellant,

v.

DEPARTMENT OF DEFENSE,
          Agency.

DOCKET NUMBER
PH-0752-19-0387-I-9

DATE:  April 23, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Randolph Elliott</u>, Camp Hill, Pennsylvania, for the appellant.

<u>Justin Nell</u>, Esquire, New Cumberland, Pennsylvania, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal based on a charge of medical inability to perform the essential duties of his position.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED (1) to supplement the administrative judge's analysis of the appellant's disparate treatment discrimination claim and (2) to vacate an alternative finding made by the administrative judge, we AFFIRM the initial decision.[2]

<u>We agree that the appellant did not prove either of his affirmative defenses; however, we supplement the administrative judge's analysis of the appellant's claim of disparate treatment discrimination.</u>

The appellant reasserts his claims that (1) the agency engaged in disability discrimination by not providing him with reasonable accommodation and (2) the agency engaged in disparate treatment discrimination on the basis of race and color by allowing another agency employee to work part time but not allowing him to do so. Petition for Review (PFR) File, Tab 1 at 3-4. We agree with the administrative judge's conclusion that the appellant did not prove either of these claims. *Banks v. Department of Defense*, MSPB Docket No. PH-0752-19-0387-I-9, Appeal File (AF), Tab 12, Initial Decision (ID) at 8-12.

---

[2] The agency asserts in its response that the appellant's petition for review is untimely. Petition for Review (PFR) File, Tab 3 at 7. This assertion is inaccurate; accordingly, we have considered the merits of the appellant's petition for review. *Banks v. Department of Defense*, MSPB Docket No. PH-0752-19-0387-I-9, Appeal File, Tab 12, Initial Decision at 12; PFR File, Tab 1; *see* 5 C.F.R. § 1201.114(e).

Regarding the appellant's failure to accommodate claim, the record supports the administrative judge's implicit finding that the appellant did not show that he is a qualified individual with a disability. ID at 9-10; *see* 42 U.S.C. § 12111(8) (indicating that a qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation). To this end, the appellant did not identify an accommodation that would have enabled him to perform the essential functions of his position. ID at 10; AF, Tab 3 at 40-44. Moreover, he did not identify an available position to which he could be reassigned. ID at 10; *see Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 17 (2014). Accordingly, we agree that the appellant did not prove his failure to accommodate disability discrimination claim.[3] ID at 10; *see Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 28-29 (clarifying that, in order to prevail on a claim of disability discrimination under either a status-based or reasonable accommodation theory, an appellant must show at a minimum that he is a qualified individual with a disability).

Regarding the appellant's claim of disparate treatment discrimination, the appellant testified that another agency employee had been allowed to work part time as an accommodation for her medical issues whereas he was not permitted to

---

[3] At times, the agency and the administrative judge suggested that the absence of part-time positions within the agency precluded the agency from providing the appellant part-time work as a reasonable accommodation. *E.g.*, ID at 2, 5-7. However, this conclusion is not otherwise explained, nor is it reconciled with the relevant statutory scheme, which contemplates part-time or modified schedules as potential accommodations. 42 U.S.C. § 12111(9)(B). Nevertheless, a different result is not warranted because the prevailing medical evidence indicated that the appellant could not have worked on even a part-time basis. The appellant's treating clinician described the appellant as having permanent spinal impairments that precluded him from sitting, standing, or walking for prolonged periods; lifting more than 10 pounds; bending repetitively; or "perform[ing] the clerical duties required of him." AF, Tab 3 at 40-41. In other words, the appellant could not perform the essential functions of his Administrative Clerk position, i.e., clerical duties, regardless of his work schedule. Plus, the appellant has not proven that these limitations were compatible with any other position to which the appellant could have been reassigned.

do so.[4]  ID at 11.  The administrative judge found this evidence unpersuasive because this other employee had a work-related injury recognized by the Office of Workers' Compensation Programs.  *Id.*  To be a proper comparator for such a claim of discrimination, the identified comparator employee must, among other things, have reported to the same supervisor as the appellant and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances.  *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 27; *see also Ly v. Department of the Treasury*, 118 M.S.P.R. 481, ¶ 10 (2012) (explaining that, for an employee to be deemed similarly situated for purposes of an affirmative defense of discrimination based on disparate treatment, all relevant aspects of the appellant's employment situation must be "nearly identical" to that of the comparator employee).  We supplement the administrative judge's analysis to also find that the appellant here did not show that this other employee either was in a "nearly identical" employment situation or reported to the same supervisor; indeed, the appellant provided little evidence regarding this alleged comparator employee.[5]  Accordingly, we find the appellant did not show either that this employee was a valid comparator or that a prohibited consideration was a motivating factor in the agency's removal action.

---

[4] The appellant has identified his claim as disparate treatment discrimination on the basis of race and color.  PFR File, Tab 1 at 4; AF, Tab 9 at 3.  However, during the hearing, the appellant argued that this agency employee was treated more favorably because of her sex.  AF, Tab 10-4, Hearing Recording (testimony of the appellant), Tab 10-5, Hearing Recording (closing statement of the appellant's representative).  Regardless of the basis of the appellant's disparate treatment claim, a different outcome is not warranted.

[5] To the extent that the appellant contends that he and this employee both reported to the deciding official as a supervisor, we are unpersuaded.  PFR File, Tab 1 at 3.  The deciding official, who was not the appellant's first-line supervisor, testified that the comparator employee was "two, possibly three supervisors below [him]" and, although he was familiar with the employee, he did not know the conditions surrounding her employment.  AF, Tab 10-3, Hearing Recording (testimony of the deciding official).  Plus, as previously discussed, the medical documentation indicated that the appellant would have been unable to perform his duties in a part-time capacity.

The appellant's assertions on review are unpersuasive.

We have considered all of the appellant's assertions on review but find that they do not warrant a different outcome. PFR File, Tab 1. For example, the appellant contends that the deciding official provided untruthful testimony because he inaccurately stated that no other agency employees were allowed to work in a part-time capacity. *Id.* at 3. However, the deciding official testified only that he was unaware of any part-time positions. AF, Tab 10-3, Hearing Recording (testimony of the deciding official). In any event, we find that the appellant's assertion in this regard does not warrant a different outcome.

The appellant also provides a document on review, i.e., an April 21, 2025 medical document regarding the alleged comparator employee. PFR File, Tab 1 at 7. Even assuming that this document constitutes new evidence, we find that it is not material to the outcome of this matter because, as indicated, the appellant did not show that this employee was a valid comparator. *See Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989) (explaining that, to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed); *see also Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

We vacate an alternative finding made by the administrative judge.

Although not raised on review, we modify the initial decision to vacate an alternative finding made by the administrative judge. In the initial decision, the administrative judge considered, but found unpersuasive, the appellant's testimony that he believed that he had sufficiently recovered such that he was now able to perform the essential functions of his position, reasoning that the appellant had not provided any medical documents showing that the permanent

work restrictions placed on him by his physician had been lifted. ID at 6-8. We discern no basis to disturb this finding. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (explaining that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing); *see also Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (indicating that the Board will not disturb an administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

The administrative judge thereafter found, in the alternative, that even if the appellant had provided evidence showing that his medical conditions had improved such that he could perform the essential duties of his position, a different outcome would not be warranted because such a showing "would not undermine the agency's case because at the time of [the appellant's] removal he was physically incapable of performing the essential functions of [his] position." ID at 7-8. However, the Board has found that, when an appellant recovers from the medical condition that resulted in his removal before the administrative judge has issued an initial decision in his removal appeal, the removal action does not promote the efficiency of the service. *Owens v. Department of Homeland Security*, 2023 MSPB 7, ¶ 15; *Street v. Department of the Army*, 23 M.S.P.R. 335, 340-43 (1984). We therefore vacate this alternative finding.

Accordingly, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[7]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.