# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EMORY CARL SIMS,

   Appellant,

  v.

DEPARTMENT OF DEFENSE,

   Agency.

DOCKET NUMBER
DC-315H-25-0283-I-1

DATE: April 27, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Emory Carl Sims, Centreville, Virginia, pro se.

Temple Wilson, Esquire, and Kristina Letcher, Esquire,
 Fort Belvoir, Virginia, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction.[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] The appellant filed his petition for review on March 25, 2025. Petition for Review (PFR) File, Tab 1 at 3. On March 29, 2025, he filed a pleading requesting to withdraw the petition. PFR File, Tab 2. The Office of the Clerk of the Board issued orders on April 22, May 23, and June 26, 2025, instructing the appellant, consistent with Board policy, to submit a brief pleading confirming that his request to withdraw his petition

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

As the administrative judge explained in his initial decision, the Board has limited jurisdiction over a probationary employee's appeal of a termination. *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 8 (2010); *see* 5 U.S.C. § 7511(a)(1)(A). The appellant does not dispute that he was serving a probationary period at the time of his termination, and despite being advised of the applicable jurisdictional burdens by the administrative judge, Initial Appeal File (IAF), Tab 5 at 2-4, he did not allege at that time that he was terminated for partisan political reasons, marital status, or pre-appointment reasons, and he did not cite any prior service that could be tacked on to his service with the agency to meet his jurisdictional burden, *see* IAF, Tab 1; 5 C.F.R. §§ 315.805-806 (2024).[3]

---

for review is voluntary and that he understands the withdrawal is with prejudice to refiling with the Board. PFR File, Tabs 4, 6-7. The appellant did not respond to the orders, and on July 31, 2025, the Clerk's Office notified the appellant that, accordingly, his petition remained pending before the Board. PFR File, Tab 8. To date, no response has been received.

For the first time on review, the appellant alleges that he was terminated for partisan political reasons. PFR File, Tab 1 at 1. The appellant offers no explanation for his failure to raise this argument below, despite the administrative judge's jurisdictional notice identifying termination based on partisan political reasons as a basis for Board jurisdiction. IAF, Tab 5 at 2. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Owens v. Department of Homeland Security*, 2023 MSPB 7, ¶ 12; *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not provided any new and material evidence as a basis for this new argument. Thus, we have not considered the appellant's argument.

The appellant also argues on review that the administrative judge failed to address his whistleblower reprisal claim, PFR File, Tab 1 at 1-2; however, there is no evidence that he raised such a claim before the administrative judge.[4] Thus, for the same reasons as discussed above, we decline to address the appellant's claim. Therefore, the appellant has provided no basis to disturb the initial decision dismissing the appeal for lack of jurisdiction.[5]

---

[3] Effective June 24, 2025—after the appellant's termination—OPM rescinded subpart H of part 315 of Title 5 of the Code of Federal Regulations pursuant to Executive Order No. 14,284. Strengthening Probationary Periods in the Federal Service, 90 Fed. Reg. 26727-01 (June 24, 2025).

[4] The appellant asserts that the administrative judge erroneously "overlooked" a reference to, and copy of, a whistleblower complaint he allegedly filed with the Defense Contractor Auditing Agency's Office of Inspector General. PFR, Tab 1 at 1-2. Neither the reference nor the purported copy of the complaint is in the record.

[5] To the extent that the appellant wishes to pursue a whistleblower reprisal claim under 5 U.S.C. § 2302(b)(8) or 5 U.S.C. § 2302(b)(9), he must first exhaust his administrative remedies with the Office of Special Counsel and then may file an individual right of action appeal with the Board consistent with law and the Board's regulations. 5 U.S.C. §§ 1214(a)(3), 1221(a), (e)(1); 5 C.F.R. part 1209.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.